**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Ertan Erden <br>                      Debtor(s) | CHAPTER 13 |
| American Heritage Credit Union <br>                      Movant <br> vs. | NO. 20-12746 ELF |
| Ertan Erden <br>                      Debtor(s) | |
| Kenneth E. West Esq. <br>                      Trustee | 11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan for the 2015 Mercedes-Benz E Class VIN: WDDHF5KB9FB143335 ("Vehicle") held by the Movant is **$3,311.40,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 11, 2022 through July 11, 2022 at $492.05/month |
| Suspense balance: | ($132.95) |
| **Total Post-Petition Arrears** | **$3,311.40** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$3,311.40.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$3,311.40** along with the pre-petition arrears;

3. Beginning with the payment due August 11, 2022 and continuing thereafter, Debtor shall pay to Movant the present regular monthly payment of $492.05 .

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default

with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the contract and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 13, 2022

/s/Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 7/19/22

Brad J. Sadek Esq.
Attorney for Debtor(s)

Date: 7/27/2022

*LeRoy W. Etheridge, Esquire for* *
Kenneth E. West, Esq.
Chapter 13 Trustee

*no objection to its terms, without prejudice to any of our rights and remedies*

**ORDER**

Approved by the Court this 29th day of July, 2022. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank